# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFFREY RAY BENTON,

Petitioner,

v.

DOERER,

Respondent.

Case No. 1:26-cv-06392-SAB-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

///

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner asserts that his conviction is void because the indictment failed to allege the essential element that Petitioner lacked authorization to distribute a Schedule II controlled substance, "thereby failing to charge a federal crime." (ECF No. 1 at 2.[2])

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the sentencing court.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

The Supreme Court addressed "the interplay between" § 2241 and § 2255 in Jones v. Hendrix, 599 U.S. 465, 469 (2023). The Supreme Court stated that "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," and "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." Jones, 599 U.S. at 477–78. The Supreme Court stated that "[t]he saving clause does not undermine this strong negative inference," and "AEDPA's new restrictions on § 2255, therefore, are best understood as just that—restrictions on § 2255—not as expansions of § 2241's applicability." Id. at 478. Thus, "[a]fter AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" Id. "The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. at 474. Accordingly, "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.[3]

Petitioner appears to argue that he is actually innocent because the indictment and plea agreement failed to allege lack of authorization, which Petitioner argues is an essential element.

> A provision of the Controlled Substances Act, codified at 21 U.S.C. § 841, makes it a federal crime, "*[e]xcept as authorized*[,] ... for any person knowingly or intentionally ... to manufacture, distribute, or dispense ... a controlled substance," such as opioids. 84 Stat. 1260, 21 U.S.C. § 841(a) (emphasis added). Registered doctors may prescribe these substances to their patients. But, as provided by regulation, a prescription is only authorized when a doctor issues it "for a

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

> legitimate medical purpose ... acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a) (2021).

Ruan v. United States, 597 U.S. 450, 454 (2022). Petitioner is not a registered doctor prescribing a controlled substance such as opioids to his patients. Rather, Petitioner was convicted of conspiracy to distribute 280 grams or more of cocaine base. (ECF No. 1 at 11.) Petitioner's claims regarding the indictment and plea agreement failing to allege lack of authorization challenge the legal sufficiency of Petitioner's convictions rather than establish Petitioner's factual innocence, which requires Petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted).

Additionally, that Petitioner discovered this supposed defect years later through research does not constitute an "unusual circumstance[] [that] make[s] it impossible or impracticable to seek relief in the sentencing court[.]" Jones, 599 U.S. at 478. The Supreme Court has rejected the argument "that § 2241 is available whenever a prisoner is presently unable to file a § 2255 motion." Id. at 482. Accordingly, the Court recommends finding that § 2255(e) is inapplicable and the Court lacks jurisdiction over the petition.

## II.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge